HIRSCH & CO. VS. PATTERSON ET AL.

The suppression of a portion of a deposition before the parties go into trial, or the issues are made up, is not cause for a new trial on the ground of surprise.

Where the portion of a deposition suppressed could have been of no benefit to the party offering to read it, if it had been admitted, its suppression is no cause for granting a new trial.

Where it was the appropriate province of a jury to determine a matter of fact before them, and their conclusion is not without evidence to sustain it, this court will not disturb their finding upon the matter.

Where judgment is for an excessive amount, it will be affirmed, under the rule, on a remittitur of the excess; otherwise it will be reversed.

*Appeal from Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

STILLWELL & WOODRUFF, for appellants. .

ROSE, for appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Patterson, Marshall & Co., of Memphis, sued Hirsch & Co., of Batesville, on a note for $512 73, bearing date April 3d, 1857, and due at sixty days. The case was tried by a jury upon issues to the pleas of *nil debet*, payment, and set-off; verdict and judgment in favor of plaintiffs for $308 49, balance of debt, and $37 damages. The defendants moved for a new trial, which was refused, and they excepted, and appealed.

Before the trial, a portion of the deposition of W. E. Milton, taken and published by appellants, was suppressed, on the motion of the appellees, and this is made one of the grounds of the motion for a new trial.

Passing over the fact that the motion to suppress was made and sustained before the parties went into the trial, or the issues were made up, and the decision of the court was not, therefore, matter of surprise to appellants; and passing over the further objection that the deponent stated his *impressions*, without stating their sources, or the facts from which they were derived; it is manifest that if the portion of the deposition which was suppressed had been read to the jury, it could have been of no benefit to the appellants. If it tended to prove anything material, it was that appellants were not entitled to a credit which they in fact received.

Upon the trial, appellants produced an account current between the parties, in the handwriting of one of the appellees, commencing November 6th, 1856, and ending December 11th, 1857, covering an item, for which the note sued on is supposed to have been given, and showing a balance in favor of appellees of $308 49, the amount of debt for which the jury rendered their verdict. In this account the appellants are credited with proceeds of their draft in favor of appellees, on George Philler,

8

$453, and they insist that they should have been credited with $478 50, the full amount of the draft.

The draft was drawn 24th August, 1857, at sixty days, and on the day it was drawn appellees gave appellants a receipt for it, stating that the *proceeds* of the draft were placed to their credit. The appellants are credited in the account current with proceeds of draft, $453, on the day it was drawn, and sixty days before its maturity, and the jury must have concluded that the draft was cashed at that time. It was payable in bank. This was a matter for the jury upon the facts before them, and we shall not disturb their finding on that point.

The appellants also produced in evidence an account between the parties, in the handwriting of one of the appellees, composed of a number of items, commencing November 7th, 1856, and ending 18th February, 1857, footed up balance against appellants $724 69, under which is written a receipt, as follows:

Rec'd payment by note at sixty days, from Feb'ry 18th, 1857.

PATTERSON, MARSHALL & CO.

The appellants also produced, and read in evidence, the following instrument, which they proved to be in the handwriting of one of the appellees:

$724 69.        Memphis, 18th Feb'y, 1857.

Sixty days after date we promise to pay to Patterson, Marshall & Co., or order, seven hundred and twenty-four 69-100 dollars, for value received, payable at Southern Bank of Tennessee, in Memphis.

The items which compose the account last referred to, extending from November 7th, 1856, to February 18th, 1857, are also embraced in the account first referred to, commencing November 7th, 1856, and ending December 11th, 1857, the debits of which are footed up $2,639 71.

Appellants insist that, inasmuch as the items of the account first rendered, are charged in the account last rendered, they should have been credited with the note for $724 69, by which the account first rendered appears to have been closed; but that they were not so credited.

It does not appear that the note for $724 69, produced in evidence by appellants, was ever signed by them, or was in the hands of appellees after it was written.

It is probable that the jury concluded from the evidence that the note was sent to the appellants, by the appellees, with the first account for their signature, but that it was never signed and returned, and hence the second account was made out, embracing the items included in the first. There was certainly some ground for the jury so to conclude.

The appellants proved that the appellees collected for them, of an insurance company of Philadelphia, $1,645, and credited them, in the account last rendered, with but $1,612 90 of the sum so collected, and this error, it seems, went into the verdict of the jury.

If the appellees will enter a remittitur for $32 10, excess of finding, the judgment will be affirmed, under the rule; otherwise it must be reversed, and a new trial granted.